UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

**JAMES GRIFFITH,**

    **Plaintiff**,

v.    CIVIL ACTION NO. 3:25-cv-00147

**LISA MAE GARCIA and
ATS SPECIALIZED, INC.,**
a Minnesota Corporation,

    **Defendants.**

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Defendants Lisa Mae Garcia and ATS Specialized, Inc.'s Motion to Dismiss and to Strike Pursuant to Fed. R. Civ. P. 12(b)(6) and 12(f). (ECF No. 7). For the following reasons, the motion is **GRANTED**, in part, and **DENIED**, in part.

### I.    Facts and Procedural History

On January 30, 2025, Plaintiff filed a complaint in the Circuit Court of Putnam County, West Virginia. (ECF No. 1-1). Plaintiff alleges in the complaint that, on October 16, 2023, Defendant Lisa Mae Garcia ("Garcia") was driving a commercial tractor-trailer owned by Defendant ATS Specialized, Inc. ("ATS"), when she merged into Plaintiff's vehicle that had slowed to a stop for a construction zone on U.S. Interstate 64 near Nitro, West Virginia. (*Id*.). Defendants removed the action to this Court based on diversity jurisdiction. (ECF No. 1). In the pending motion, Defendants move to dismiss portions of Count I, the entirety of Counts II thorough IV, and any claims related to joint venture or punitive

damages. (ECF Nos. 7, 8). Plaintiff responded in opposition to the motion to which Defendants filed a reply. (ECF Nos. 9, 10).

## II. <u>Relevant Law</u>

### A. *Rule 8(a)*

Pursuant to Rule 8(a) of the Federal Rules of Civil Procedure 8(a), a complaint need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief." *Harris v. Kenan Advantage Grp., Inc.*, No. 2:18-CV-01264, 2018 WL 6182693, at *1 (S.D.W. Va. Nov. 27, 2018) (citing *Erickson v. Pardus*, 551 U.S. 89, 93–94 (2007)). Rule 8(a) requires a "plaintiff to allege sufficient facts, which, if proven, would entitle him to relief under a cognizable legal claim." *Id.* (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554–55 (2007)).

### B. *Rule 12(b)(6)*

A motion to dismiss for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure "challenges the legal sufficiency of a complaint." *Francis v. Giacomelli*, 588 F.3d 186, 192 (4th Cir. 2009). Such a motion should not be granted unless it appears certain that the plaintiff can prove no set of facts that would support his claim against the defendant and would entitle him to relief. Fed. R. Civ. P. 12(b)(6). When analyzing a motion to dismiss, the court must assume that the facts alleged in the complaint are true and draw all reasonable inferences in Plaintiff's favor as the nonmoving party. *Burbach Broad. Co. of Delaware v. Elkins Radio Corp.*, 278 F.3d 401, 405-06 (4th Cir. 2002). Nevertheless, the court is "not obliged to accept allegations that 'represent unwarranted inferences, unreasonable conclusions, or arguments,' or that 'contradict matters properly subject to judicial notice or by exhibit.'" *Massey v. Ojaniit*, 759 F.3d 343, 353 (4th Cir. 2014) (quoting *Blankenship v. Manchin*, 471 F.3d 523, 529 (4th Cir. 2006)).

A complaint fails to state a claim when the complaint lacks "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. A pleading that "offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do" and a complaint will not "suffice if it tenders naked assertions devoid of further factual enhancements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotations and citations omitted).

### C.  Rule 12(f)

Under Rule 12(f) of the Federal Rules of Civil Procedure, the Court can strike from a pleading "an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). "Information is 'immaterial' for the purposes of Rule 12(f) if it has no essential or important relationship to the claim for relief or the defenses being pleaded." *Cummings v. GEO Grp., Inc.*, No. 3:23CV327 (RCY), 2024 WL 250794, at *2 (E.D. Va. Jan. 23, 2024) (cleaned up). "Similarly, information is 'impertinent' for Rule 12(f) purposes if it does not pertain, and is not necessary, to the issues in question." *Id.*

Courts are reluctant to disturb the pleadings, even if the materiality or pertinence of a challenged allegation is doubtful. *Id.*  In fact, "Rule 12(f) motions should be denied 'unless the challenged allegations have *no* possible relation or logical connection to the subject matter of the controversy and may cause some form of significant prejudice to one or more of the parties to the action.'" *Devers v. City of Huntington*, No. CV 3:18-1452, 2019 WL 4281936, at *2 (S.D.W. Va. Sept. 10, 2019) (quoting *Bailey v. Fairfax Cty.*, No. 1:10-cv-1021, 2010 WL 5300874, at *4 (E.D. Va. Dec. 21, 2010)). The Rule 12(f)(2) standard thus imposes a sizeable burden on the movant, as Courts apply the rule sparingly and motions to strike matters from pleadings are viewed with disfavor. *Id.*

### III. **Discussion**

#### *A. Joint Venture Claim*

Defendants seek to dismiss Plaintiff's claim for joint venture under Fed. R. Civ. P. 12(b)(6) because, in their view, it does not meet the federal pleading requirements. (ECF Nos. 8, 10). Paragraph 10 of Plaintiff's complaint alleges that Defendants Garcia and ATS are jointly and severally liable for Plaintiff's injuries because they were engaged in a joint venture. (ECF No. 1-1 at 7). There is no dispute that the allegations in the complaint restate the definition of joint venture. *Compare* (ECF No. 1-1 at 7) *with Farley v. Phillips & Jordan, Inc.*, No. 2:20-CV-00163, 2020 WL 1677407, at *3 (S.D.W. Va. Apr. 6, 2020) (quoting *Armor v. Lantz*, 535 S.E.2d 737, 742 (W. Va. 2000) ("The purpose of a joint venture claim is to assert joint and several liability amongst multiple defendants who formed an association to 'carry out a single business enterprise for profit, for which purpose they combine[d] their property, money, effects, skill and knowledge.").

Defendants argue that Plaintiff was required to allege more than just the definition of joint venture with Defendants' names attached. (ECF No. 10 at 2). However, Plaintiff contends that Defendants attempt to impose pleading requirements that are more stringent than prevailing standards. (ECF No. 9 at 9). Plaintiff explains that he did not set out to explain in the complaint every detail of how Defendants' joint venture was established, and he could not reasonably do so without the benefit of at least basic discovery. (*Id.* at 8).

Reviewing the complaint, Plaintiff alleges that Defendant Garcia was driving a tractor-trailer owned by Defendant ATS, but Plaintiff appears to be uncertain of the precise relationship between Defendants ATS and Garcia. Plaintiff indicates, on one hand, that Garcia was an employee and/or lessee of ATS, but Plaintiff incongruously states that Garcia and ATS were engaged in a joint venture. (ECF No. 1-1 at 4-5). "The hallmarks of a joint

4

venture that set it apart from other forms of business relationships are profit sharing between the parties and the equal legal right to manage or control the business." *Edwards v. McElliotts Trucking, LLC*, 268 F. Supp. 3d 867, 883 (S.D.W. Va. 2017). An employee/agent relationship is distinct from a joint venture. Rather, a joint venture is more akin to a partnership, except that it relates to a single business transaction rather than a general business. *Meadows v. Allstate Ins. Co.*, No. CV 2:05-0185, 2005 WL 8159310, at *3 (S.D.W. Va. July 13, 2005). "A joint venture, by its definition, involves an agreement outside the context of a typical employee-employer relationship," and to "allow liability to attach to corporate employees on this theory would disregard the corporate form, making all employees liable for the acts of the corporation simply by virtue of their employment." *Id*.

The Court agrees that Plaintiff is entitled to some discovery to ascertain the nature of the relationship between Garcia and ATS, such that the issues can be narrowed, and Plaintiff's legal theories of liability can be clearly asserted. It would be premature to dismiss Plaintiff's allegation that ATS and Garcia were engaged in a joint venture before Plaintiff has had the opportunity to investigate and provide any support for the asserted relationship. Therefore, the Court **DENIES** Defendants' motion to dismiss Plaintiff's allegations regarding joint venture.

### B. *Gross Negligence and Willful, Wanton, and Reckless Conduct (Count II)*

Defendants argue that Plaintiff does not assert with necessary specificity any factual basis for his allegations of gross negligence or willful, wanton, and reckless conduct in Count II of the complaint. (ECF No. 8 at 8-9). Thus, they seek dismissal of those allegations. In response, Plaintiff asserts that Defendants propose more factual detail than is required under the Federal Rules of Civil Procedure and are actually seeking a decision on the merits

of the claims before any discovery occurred. (ECF No. 9 at 13). Defendants reassert in their reply that Plaintiff fails to allege facts to support his claims of gross negligence, which requires "affirmative proof tending to magnify the negligence," and willful, wanton, or reckless conduct, which involves a conscious choice to disregard potential harm. (ECF No. 5-6). Defendants argue that Plaintiff's allegations that Defendant Garcia was negligent, inattentive, and/or conscious of her conduct do not rise to the level of gross negligence or willful, wanton, or reckless conduct. (*Id.*).

Under West Virginia law, "[g]ross negligence is the same as ordinary negligence, except in degree." *Courtland Co., Inc. v. Union Carbide Corp.*, No. 2:19-CV-00894, 2020 WL 5047131, at *15 (S.D.W. Va. Aug. 26, 2020). "Gross negligence involves a breach in a duty of care with aggravating circumstances indicating rashness or a conscious indifference to the probable dangerous consequences," and "is synonymous with "reckless conduct and reckless disregard for the safety of others." *Id.* (cleaned up). This Court has previously explained that "[g]ross negligence requires an additional showing of conscious indifference or reckless disregard to the safety of others." *Id.* Reckless, willful and wanton conduct likewise involves the same elements as negligence, but it requires evidence that the defendant was conscious of the conduct and conscious that injury would likely or probably result from the conduct, and that with reckless indifference to consequences the defendant consciously and intentionally did some wrongful act or omitted some known duty which produced the injurious result. *Rhodes v. E.I. du Pont de Nemours & Co.*, 657 F. Supp. 2d 751, 762–63 (S.D.W. Va. 2009), *judgment entered,* No. 6:06-CV-00530, 2010 WL 11622804 (S.D.W. Va. Jan. 6, 2010), and *aff'd in part, appeal dismissed in part,* 636 F.3d 88 (4th Cir. 2011).

In this case, Plaintiff alleges that he "had properly merged and come to a stop in the construction zone" when "Defendant Garcia, without making a proper visual scan for the Plaintiff or others, violently merged the ATS tractor-trailer into the Plaintiff's vehicle." (ECF No. 1-1 at 8). Plaintiff asserts that "ATS also knowingly placed Defendant Garcia, an inadequately trained, experienced and supervised driver in the cab of its subject commercial truck on the date of the crash," and "Defendant Garcia knowingly operated the subject tractor-trailer when she had inadequate supervision, training and experience." (*Id.*).

Construing these statements as true in the most favorable light to Plaintiff, the alleged facts support a reasonable inference that Defendants are liable for gross negligence and/or willful, wanton, or reckless conduct. Plaintiff essentially alleges that Defendant Garcia crashed into Plaintiff's stopped vehicle as traffic merged in a construction zone because Defendant Garcia was not exercising caution and visual awareness while driving the tractor-trailer, and because Defendant Garcia was ill-equipped, due to poor supervision, training, or experience, to be driving that commercial vehicle. Plaintiff was not required to state in detail every specific fact supporting these claims. The Federal Rules of Civil Procedure only require that a complaint set forth a short and plain statement of the claim showing that the pleader is entitled to relief in order to give the defendant fair notice of what the claim is and the grounds upon which it rests. *Robinson v. Dotson*, No. 3:24CV730 (RCY), 2025 WL 2323939, at *1 (E.D. Va. Aug. 12, 2025) (citations and markings omitted). The factual allegations must rise above the speculative level, but detailed factual allegations are not required in order to satisfy the pleading requirement. *Id.* Again, the plaintiff's well-pleaded factual allegations are assumed to be true, the complaint is viewed in the light most favorable to the plaintiff, and all reasonable inferences that can be drawn from the

complaint are drawn in the plaintiff's favor. *Id.* Pursuant to those standards, Plaintiff asserts plausible claims of gross negligence and/or willful, wanton, or reckless conduct. These claims can be revisited on summary judgment. However, at this time, the Court **DENIES** Defendants' motion to dismiss Count II of the complaint.

### *C. Negligent (Count III) and Grossly Negligent (Count IV) Hiring, Instructing, Training, Supervising, and Retaining Operators and Others*

Defendants further seek to dismiss Plaintiff's allegations of negligent and grossly negligent hiring, training, supervision, and retention as insufficiently pled claims in Counts III and IV of the complaint. *See* (ECF No. 1-1 at 9-10). In West Virginia, to prevail in a negligent hiring or retention claim, the plaintiff must establish that the employer failed to conduct a reasonable investigation into the employee's background vis-à-vis the job and the possible risk of harm. *Merritt v. Casto*, No. 2:22-CV-00556, 2023 WL 2589679, at *6 (S.D.W. Va. Mar. 21, 2023) (citations and markings omitted). A "negligent supervision claims must rest upon a showing that the employer failed to properly supervise its employees and, as a result, those employees proximately caused injury to another." *Id.*

Undoubtedly, the complaint does not go into specific detail regarding the negligent hiring, training, supervision, or retention allegations. In fact, as discussed above, when he filed the complaint, Plaintiff did not appear to know the precise relationship between Defendant Garcia and ATS, which would be a fundamental component of these claims. Nonetheless, it would be premature to dismiss Plaintiff's claims without any benefit of discovery. This case involves a commercial vehicle that allegedly violently crashed into stopped traffic in an active construction zone. Plaintiff is entitled to some leeway in developing his claims through discovery. After discovery, if Plaintiff cannot adduce support for his claims of negligent and grossly negligent hiring, training, supervision, and retention,

the issues can be addressed on summary judgment. The Court **DENIES** Defendants' motion to dismiss Counts III and IV.

### D. Punitive Damages

Defendants also seek to dismiss Plaintiff's request for punitive damages as insufficiently pled. They argue that Plaintiff alleges, at most, negligence, which does not warrant the imposition of punitive damages. (ECF No. 8 at 11). Further, Defendants reiterate that Plaintiff does not provide any facts to support the claim that Defendant Garcia operated the tractor-trailer with inadequate supervision, training, and experience. (*Id.*). In West Virginia, punitive damages are not an available remedy for simple negligence. *Barker v. Meador*, No. 3:20-cv-0233, 2021 WL 849231, at *2 (S.D.W. Va. Mar. 5, 2021). "The kind of recklessness that must be shown to justify punitive damages is reckless indifference to the consequences of an act or omission, where the party acting or failing to act is conscious of his conduct and, without any actual intent to injure, is aware, from his knowledge of existing circumstances and conditions, that his conduct will inevitably or probably result in injury to another." *Id*. (citations and markings omitted).

As discussed above, the Court allowed Plaintiff's gross negligence and recklessness claims to proceed in discovery. Consequently, at this point, punitive damages are an available remedy. The Court **DENIES** Defendants' motion to dismiss Plaintiff's prayer for punitive damages. *See, e.g., Bennett v. Bardon*, No. 2:22-CV-00453, 2023 WL 364112, at *2-3 (S.D.W. Va. Jan. 23, 2023) (explaining that claims and the remedies sought are distinct concepts, and the question before the court is whether the plaintiff adequately pled claims which would entitle the plaintiff to punitive damages if proven by clear and convincing evidence).

### E. Officer's Findings

Defendants seek to strike the below-quoted paragraph 13 of Plaintiff's complaint under Fed. R. Civ. P. 12(f) because the officer's statements "are not based upon a contemporaneous observation of the collision [and] are prejudicial to the Defendants:"

> The investigating police officer determined that the subject crash was caused by the ATS driver, Defendant Garcia, failing to yield the right of way to the Plaintiff's vehicle, operating her tractor-trailer in an inattentive, careless and improper fashion, and also by failing to give way to the Plaintiff's vehicle when it had overtaken her tractor-trailer in the lane. The investigating officer also found that the subject crash was not, in any way, caused by any improper driving on the part of the Plaintiff.

(ECF No. 1-1 at 7-8).

Defendants fail to demonstrate that these allegations should be stricken from the complaint. The statements directly concern Plaintiff's negligence claim. Thus, they cannot be considered immaterial or impertinent, as Defendants contend. Defendants also fail to establish the prejudice required in Rule 12(f). Defendants rely on the rules of evidence to argue that the information is inadmissible. (ECF No. 8 at 6). However, those concerns are properly raised in a motion *in limine*, not a motion to strike from the pleadings. Defendants do not demonstrate the very high threshold of immateriality, impertinence, and prejudice necessary to sustain a motion to strike under Rule 12(f). Therefore, the Court **DENIES** Defendants' motion to strike paragraph 13 of the complaint.

### F. Failure to Maintain

As a final matter, Defendants seek to strike a portion of paragraph 14 of the complaint in which Plaintiff alleges that Defendant Garcia "negligently fail[ed] to properly maintain the subject ATS tractor-trailer." (ECF No. 8 at 7). According to Defendants, this allegation is deficient under federal pleading standards because there are no factual allegations concerning the maintenance, conditions, or repair of the subject vehicle. (*Id.*). Plaintiff states, in response, that the word "maintain" in paragraph 14 of the complaint

concerns Defendant Garcia's ***operation*** of the vehicle, and he does not assert any claims concerning failure to repair or perform mechanical maintenance. (ECF No. 9 at 11). Defendants assert in their reply that the wording of the complaint is confusing because it references "maintenance" alongside the word "operation" in several places, indicating that they are distinct concepts. (ECF No. 10 at 4). For example, Plaintiff alleges that Defendant ATS was "operating and maintaining," (ECF No. 1-1 at 4), and "owned and/or leased, operated, and maintained" the commercial tractor-trailer, (*Id.* at 5).

> The full text of paragraph 14 of the complaint is the following:
>
> Defendants negligently breached duties of care owed to Plaintiff by negligently failing to properly maintain the subject ATS tractor-trailer; by negligently failing to keep a proper lookout for the Plaintiff's vehicle so as to keep from merging into it; by negligently failing to yield the right of way to the Plaintiff's vehicle which was already in the lane into which Defendant Garcia was attempting to merge; and by negligently operating the ATS tractor-trailer in an inattentive, careless and improper fashion. As a direct and proximate result of such breached duties of care, Plaintiff suffered serious and lasting personal injuries for which he seeks a recovery herein.

(ECF No. 1-1 at 8). The Court agrees with Defendants that the meaning of "maintain" is ambiguous in that paragraph. It appears that Plaintiff omitted the words "maintain ***control of*** the subject ATS tractor-trailer" or similar language. Therefore, it is not unfathomable that Defendants question the meaning of "maintain" in this context. Plaintiff lists several ways in which Defendants allegedly breached their duties of care to Plaintiff. All of the allegations in paragraph 14 except for "fail[ure] to properly maintain" explicitly refer to Defendant Garcia's operation of the tractor-trailer. Plaintiff even uses the word "operating" within the paragraph, which could be construed to indicate that "maintaining" the vehicle has a different meaning. Alternatively, the fact that all of the other allegations concern operation of the vehicle could lead to the conclusion that "maintain" is used in the same sense. The fact that the meaning is unclear is the problem.

11

Given Plaintiff's response that he is not asserting any allegations regarding failure to repair or perform mechanical maintenance on the tractor trailer, (ECF No. 9 at 11-12), the Court is satisfied that the challenged allegation has no possible relation or logical connection to the subject matter of the controversy. Moreover, if the statement is not stricken, it would prejudice Defendants to devote time and resources to flesh out that allegation or risk being surprised at trial if an unexpected claim is raised. The Court **GRANTS** the motion to strike from paragraph 14 of the complaint the allegation that Defendants "negligently fail[ed] to properly maintain the subject ATS tractor-trailer."

The Clerk is instructed to provide a copy of this Order to counsel of record and any unrepresented party.

**FILED: August 27, 2025**



_____
Joseph K. Reeder
United States Magistrate Judge